UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLORIA J. HOEGH,

        Plaintiff,

v.                                               Case No:  6:13-cv-367-Orl-36DAB

EMERSON R. THOMPSON, CYNTHIA Z.
MACKINNON, WILLIAM D. PALMER,
VINCENT G. TORPY, JR. and KERRY I.
EVANDER,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge David A. Baker on March 8, 2013 (Doc. 3).  In the Report and Recommendation, Judge Baker finds that there is no basis for the Court to exercise jurisdiction over *pro se* Plaintiff Gloria J. Hoegh's ("Plaintiff") Complaint (Doc. 1), recommending that the Complaint be denied and the case dismissed.  Doc. 3, p. 3.  On March 18, 2013, Plaintiff filed an Objection to the Report and Recommendation (Doc. 5).  As such, this matter is ripe for review.

### I. BACKGROUND

On March 4, 2013, Plaintiff filed a Complaint, seeking a jury trial on a foreclosure finalized in 2011.  Doc. 1, pp. 2-3.  Plaintiff alleges jurisdiction based on 42 U.S.C. § 1983 and that "if she had been treated fair [*sic*] or the same way legally as others in the same legal situation the outcome would have been different." *Id.* at 2.

In her Complaint, Plaintiff recounts the foreclosure on a home mortgage that was finalized in a state trial court on May 26, 2011.  *Id.*; Doc. 1-Ex. 1, p. 19.  Plaintiff appealed from the state trial court's judgment, which was affirmed on January 29, 2013.  Doc. 1-Ex. 1, p. 20.

In her Complaint, Plaintiff names two state judges who decided the foreclosure issue and three judges on the Florida Fifth District Court of Appeal as Defendants. Doc. 1. Plaintiff demands a jury trial on issues regarding the authenticity of the mortgage note and her claim of homestead. *Id.* at 3.

## II.   STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

## III.   ANALYSIS

In the Report and Recommendation, Magistrate Judge Baker concluded that the Court has no jurisdiction to relieve Plaintiff from a foreclosure judgment rendered in state court. Doc. 3, p. 3. The Court agrees that to the extent Plaintiff seeks to challenge the final decision of a state court proceeding, the Court is precluded by the *Rooker-Feldman* doctrine, which provides that no federal court other than the United States Supreme Court can conduct appellate review of a state court decision unless Congress specifically permitted the review. *Rooker v. Fidelity Trust*

*Co.*, 263 U.S. 413 (1923); *see Jallali v. American Osteopathic Assoc.*, 461 Fed. Appx. 838, 839 (11th Cir. 2012). Also, the Court agrees that a judge is entitled to absolute immunity for any acts that are within the function of his or her judicial office. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Lloyd v. Foster*, 298 Fed Appx. 836, 840 (11th Cir. 2008).

In her Objection to the Report and Recommendation, Plaintiff argues that her constitutional rights to a jury trial and due process provide the requisite federal jurisdiction. Doc. 5, pp. 1-3. Plaintiff maintains that her warranty deed is "sufficient to state a cognizable cause of action," and maintains that the diminution of warranty deed "diminished her property rights secured by the constitution." *Id.* at 4-5.

Although the Court acknowledges that *pro se* pleadings are to be liberally construed, it agrees with the Magistrate Judge that Plaintiff has alleged no basis for its subject matter jurisdiction over this matter. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 3) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED.**

3. Plaintiff Gloria J. Hoegh's Complaint (Doc. 1) is **DISMISSED.** The Court has no subject matter jurisdiction to review the state court's judgment regarding Plaintiff's mortgage foreclosure.

4. The Clerk is directed to terminate all deadlines and motions and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 9, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker