UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GLORIA J. HOEGH,**

      **Plaintiff,**

v.                                                               Case No:  6:13-cv-367-Orl-36DAB

**EMERSON R. THOMPSON, CYNTHIA Z. MACKINNON, WILLIAM D. PALMER, VINCENT G. TORPY, JR. , KERRY I. EVANDER,**

      **Defendants.**

_____

**ORDER**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge David A. Baker on June 18, 2013.  Doc. 11.  In the Report and Recommendation, Judge Baker finds that *pro se* Plaintiff Gloria J. Hoegh's appeal was not taken in good faith and on this basis recommends that the Court certify this lack of good faith and deny Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 10).  On June 27, 2013, Plaintiff filed an Answer to the Report and Recommendation, which this Court construes to be an Objection to the Report and Recommendation.  Doc. 12.  As such, this matter is ripe for review.

    **I.**    **BACKGROUND**

On March 4, 2013, Plaintiff filed a Complaint, seeking a jury trial on a foreclosure finalized in 2011.  Doc. 1 at pp. 2-3.  Plaintiff alleged jurisdiction based on 42 U.S.C. § 1983 and that "if she had been treated fair [*sic*] or the same way legally as others in the same legal situation the outcome would have been different."  *Id.* at 2.

In her Complaint, Plaintiff recounted the foreclosure on a home mortgage that was finalized in a state trial court on May 26, 2011. *Id.*; Doc. 1, Ex. 1 at p. 19. Plaintiff appealed from the state trial court's judgment, which was affirmed on January 29, 2013. Doc. 1, Ex. 1 at p. 20. In her Complaint, Plaintiff named two state judges who decided the foreclosure issue and three judges on the Florida Fifth District Court of Appeal as Defendants. Doc. 1. Plaintiff demanded a jury trial on issues regarding the authenticity of the mortgage note and her claim of homestead. *Id.* at 3.

On April 9, 2013 (Doc. 6), this Court adopted the Magistrate Judge's Report and Recommendation that Plaintiff's case should be dismissed for lack of subject matter jurisdiction (Doc. 3). In that Order, this Court explained that to the extent Plaintiff sought to challenge the final decision of a state court proceeding, the Court was precluded by the *Rooker-Feldman* doctrine. Doc. 6 at p. 2. This doctrine provides that no federal court other than the United States Supreme Court can conduct appellate review of a state court decision unless Congress specifically permitted the review. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Jallali v. American Osteopathic Assoc.*, 461 Fed. Appx. 838, 839 (11th Cir. 2012). Further, the Court explained that a judge is entitled to absolute immunity for any acts that are within the function of his or her judicial office. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Lloyd v. Foster*, 298 Fed. Appx. 836, 840 (11th Cir. 2008).

Following the dismissal of her case, Plaintiff filed a Motion for Reconsideration, petitioning the Court to reexamine the subject matter jurisdiction issue and dismissal of her Complaint. Doc. 7. On June 5, 2013, the Court denied the Motion for Reconsideration which merely reiterated the allegations set forth in her Complaint. Doc. 9. In denying that motion, the Court noted that, "[D]espite the Court's explanation that it cannot conduct appellate review of a

state court decision, Plaintiff repeatedly seeks appellate review of the state court trial and appellate decisions in her foreclosure case." *Id.* at 3.

Plaintiff now seeks to appeal the dismissal of her case *in forma pauperis* on the basis of "res judicata violations." Doc. 10. On June 18, 2013, Magistrate Judge Baker issued a Report and Recommendation (Doc. 11), to which Plaintiff filed a timely Objection (Doc. 12).

## II. STANDARD

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### III. ANALYSIS

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). In the Report and Recommendation, Magistrate Judge Baker concludes that Plaintiff's appeal is not taken in good faith in light of her repeated failure to state a claim over which this Court has jurisdiction. Doc. 11 at p. 3. The Court agrees.

The Court explained to Plaintiff in its April 9, 2013, Order dismissing her case that it had no jurisdiction to conduct an appellate review of her state court decision under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Jallali v. American Osteopathic Assoc.*, 461 Fed. Appx. 838, 839 (11th Cir. 2012). Yet Plaintiff subsequently filed a Motion for Reconsideration of the Court's dismissal Order based on the same allegations in her Complaint, despite the Court's prior explanation for why it lacked jurisdiction to hear them. Doc. 7. Now, Plaintiff has moved to proceed *in forma pauperis* on appeal on the basis of "res judicata violations," which is, again, not a basis for subject matter jurisdiction before this Court.

In fact, in her objections to the Report and Recommendation, Plaintiff seems to acknowledge that *res judicata* or claim preclusion issues are not jurisdictional matters. *See* Doc. 12 ¶ 5 ("Rooker-Feldman doctrine does not override or supplant preclusion doctrine which is not jurisdictional.") Yet, the contents of her filing appear to be an attempt to set forth allegations to state a claim for *res judicata* or claim preclusion. It is clear to this Court that Plaintiff continues to take issue with the way that the state court ruled in her foreclosure case, and now she is attempting to take those issues to the United States Court of Appeals for the Eleventh Circuit despite the Court's repeated explanations to her that she has no jurisdiction to do so.

Therefore, the Court agrees with the Magistrate Judge that Plaintiff's appeal is not taken in good faith and is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 11) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. The Court certifies that Plaintiff's appeal in this case is not taken in good faith.

3. Plaintiff Gloria J. Hoegh's Motion for Leave to Appeal *In Forma Pauperis* (Doc. 10) is **DENIED.** Plaintiff must pay the filing fee if she wishes to pursue an appeal.

**DONE** and **ORDERED** in Orlando, Florida on July 17, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker

5